UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00246-01 |
| | CIVIL ACTION NO. 13-2845 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TROY L. THEUS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 111) filed by Petitioner Troy L. Theus ("Theus"). Theus seeks an order from the Court vacating or reducing his sentence by requesting that his federal term of sentence be allowed to run concurrent to a state court sentence. For the reasons set forth below, Theus' motion is **DENIED**.

**BACKGROUND**

On January 6, 2010, Theus pleaded guilty to Count 1 of a nine-count Indictment in which he was charged as a felon in possession of a firearm, in violation of Title 18, United States Code, § 922(g)(1). See Record Documents 1, 59, 60 and 71. Theus was sentenced to 50 months of imprisonment on April 14, 2010. See Record Document 71. The Court rendered judgment on April 26, 2010. See Record Document 72.

Theus filed a Notice of Appeal appealing his sentence to the Fifth Circuit Court of Appeals on April 29, 2010. See Record Document 73. However, the Fifth Circuit granted an unopposed motion to dismiss the appeal on December 16, 2010. See Record Document 95. On June 20, 2011, Theus filed a motion entitled "Motion to Transfer Defendant into Federal Custody," a motion that this Court denied on June 29, 2011. See Record Documents 106 and 107.

Now before the Court is Theus' Motion to Vacate under 28 U.S.C. § 2255, signed on October 7, 2013, and received by the Court on October 9, 2013. See Record Document 111. In this motion, Theus is seeking to have his federal sentence run concurrent to a state court sentence. This Court previously addressed the issue stated in this § 2255 motion in its denial of Theus' Motion to Transfer Defendant into Federal Custody on June 29, 2011. See Record Documents 106 and 107. Before considering the merits of Theus' § 2255 motion, this Court must decide the issue of timeliness, as the Government argues that Theus did not file his motion in accordance with the applicable statute of limitations. See Record Document 120.

## LAW AND ANALYSIS

To review the merits of a motion under § 2255, it must be filed within the statute of limitations. Title 28, United States Code, § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Here, § 2255(f)(1) is controlling.

In connection with the filing of a § 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." United States v. Thomas, 203 F.2d 350, 352 (5th Cir. 2000). "When a federal defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) . . . upon expiration of the 90-day period" for filing a petition for writ of certiorari with the Supreme Court when no such petition has been filed. United States v. Franks, 397 Fed. App'x 95, 98 (5th Cir. 2010). Theus filed a timely Notice of Appeal, but the Fifth Circuit granted an unopposed Motion to Dismiss his appeal on December 16, 2010. See Record Documents 73 and 95. Theus therefore would have had one year from March 16, 2011, 90 days after the dismissal of his appeal, in which to file his § 2255 motion. He did not file the instant § 2255 Motion until October 7, 2013, at the earliest. See Record Document 111; see Franks, 397 Fed. Appx. at 98 (under the prison mailbox rule, a prisoner's motion is deemed filed the day the motion is deposited into a legal mailbox at the prisoner's correctional institution). For this reason, his § 2255 motion is dismissed as untimely.

## CONCLUSION

Based on the foregoing, the Court finds that Theus' claim fails because his § 2255 motion is untimely. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 166) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis

added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 17th day of January, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE